IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

FELICIA MCCOOL On
Behalf of KENYA ROPER                                                                          PLAINTIFF

V.                                                                                   NO. 4:07CV130-WAP-EMB

COMMISSIONER OF SOCIAL SECURITY                                                     DEFENDANT

## REPORT AND RECOMMENDATION

**BEFORE THE COURT** are Defendant's Motion to Dismiss (Docket Entry #7) and supporting Memorandum (Docket Entry #8) and Plaintiff's Response (Docket Entry #12) and supporting Memorandum (Docket Entry #13). The Commissioner seeks dismissal of the Complaint due to Plaintiff's failure to file the Complaint within the 60-day statute of limitation period. Def.'s Brief pp. 1-8. Plaintiff concedes that her Complaint was two days late but argues that "good cause" exists to grant her an extension of time. Pl.'s Brief pp. 3-6. The matter has been submitted to the undersigned United States Magistrate Judge for issuance of a report and recommendation. And, having duly considered the submissions of the parties, the record and the applicable law, the Court is of the opinion that this action is due to be dismissed.

On June 1, 2007, the Appeals Council of the Social Security Administration denied Plaintiff's request for review of the Administrative Law Judge's denial of her claim for SSI benefits. This action by the Appeals Council rendered the Administrative Law Judge's decision the "final decision" of the Commissioner, from which Plaintiff could request judicial review within 60 days from receipt of the Appeals Council's notice. *See* 42 U.S.C. § 405(g). Allowing five days for presumptive receipt of the Appeals Council's notice, thus tolling 65 days from the June 1, 2007 notice date, Plaintiff was required to commence her civil action on or before Monday, August 6, 2007. However, Plaintiff did not commence this action until August 8, 2007.

(Docket Entry #1). Plaintiff argues that "good cause" exists for the untimeliness of her filing this action and that the Court should grant her request for an extension of time to file her Complaint. Pl.'s Brief p. 2. Plaintiff contends that she made an attempt to electronically file her Motion to Proceed *In Forma Pauperis* ("IFP") on August 6, 2007, but was unaware that the initial filing in the case could not be made electronically. Pl.'s Brief p. 3-5. Ultimately, Plaintiff argues that her "human error" establishes "good cause" for this Court to grant an extension .

The Fifth Circuit has held that the 60-day period set forth in § 405(g) is a statute of limitation rather than a jurisdictional requirement. *See Flores v. Sullivan*, 945 F.2d 109, 113 (5th Cir. 1991) (citing *Mathews v. Eldridge,* 424 U.S. 319, 328 n. 9, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)); *see also Fletcher v. Apfel,* 210 F.3d 510, 513 (5th Cir. 2000); *Triplett v. Heckler,* 767 F.2d 210, 211 & n. 1 (5th Cir. 1985), *cert. denied,*474 U.S. 1104, 106 S.Ct. 889, 88 L.Ed.2d 923 (1986). The limitations embodied in § 405(g) serve as a mechanism "to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York,* 476 U.S. 467, 481, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). If a claimant fails timely to file or obtain an extension, in appropriate situations, he or she may invoke the doctrine of equitable tolling. *See Flores,* 945 F.2d at 113 (citing *Bowen,* 476 U.S. at 480, 106 S.Ct. 2022). Equitable tolling may be available where the "plaintiff was prejudiced by the lack of (or untimely) notice to his attorney" or "if the Secretary violated his own regulations by failing to timely send notice to the attorney, at least if sufficient resultant prejudice were shown." *Id.* at n. 5, 106 S.Ct. 2022. In addition, "there are rare cases in which courts may toll it when the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Barrs v. Sullivan,* 906 F.2d 120, 122 (5th Cir.1990) (citations omitted).

In this case, Plaintiff failed to timely file her IFP motion and failed to seek an extension of time. Thus, inquiry, must focus on whether there are equitable reasons to toll the limitations

period.  Plaintiff at all relevant times herein has been represented by counsel as evidenced by the Complaint and Civil Cover Sheet which were both signed by counsel on August 6, 2007. (Docket Entry #1).  Accordingly, Plaintiff's proffered excuse of "human error" fails to rise to the level of an exceptional circumstance that warrants equitable tolling.  Therefore, it is my recommendation that Defendant's Motion to Dismiss be granted.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained.  The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**RESPECTFULLY SUBMITTED** this, the 26th day of February, 2008.

/s/ Eugene M. Bogen
**UNITED STATES MAGISTRATE JUDGE**